Judge: Christopher M. Alston
Chapter Chapter 7

# UNITED STATES BANKRUTPCY COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

TAJINDER PAL SINGH,
MANJIT KAUR,

                          Debtors.

RONALD G. BROWN, solely in his capacity as Chapter 7 Trustee of the estate of Tajinder Singh and Manjit Kaur,

                      Plaintiff,

                      v.

LAKHBIR GILL and PARMINDER K. GILL, husband and wife, and the marital community composed thereof,

                      Defendants.

Case No. 19-12292-CMA

Adversary Proceeding No. _____

COMPLAINT

## I.     INTRODUCTION

Ronald G. Brown, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of the Tajinder Singh and Manjit Kaur, by and through his undersigned counsel, complains as set forth below.

## II.     JURISDICTION AND VENUE

2.1    This is an action to avoid fraudulent transfers.

2.2    This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(H) AND (O).

2.3    This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 157(a) and (b), 1334(a) and (b), and 11 U.S.C. §§ 105, 544,548 and 551.

COMPLAINT

Page 1

Wood & Jones, PS
303 N 67th Street
Seattle, WA 98103
(206) 623-4382

2.4     This matter has been referred to the Bankruptcy Judges of this District pursuant to General Rule 7 of the Rules for the United States District Court for the Western District of Washington

2.5     Venue is proper under 28 U.S.C. § 1409.

### III.     PARTIES

3.1     <u>Debtors</u>.  Tajinder Singh and Manjit Kaur ("the Debtors") filed a voluntary Chapter 7 petition on June 18, 2019 ("Petition Date").

3.2     <u>Trustee</u>.  Ronald G. Brown ("Brown" or "Trustee") was appointed as the Chapter 7 Trustee for the case on June 18, 2019.  The Trustee is authorized to bring this action pursuant to §§ 105, 544, 548 and 551 of the Bankruptcy Code and does so solely in his capacity as Trustee for this estate.

3.3     <u>Defendant Lakhbir Gill and Parminder K. Gill</u>.  Lakhbir Gill and Parminder K. Gill are residents of the State of California.  Lakhbir Gill and Parminder K. Gill are husband and wife, and any act done by one was done for the benefit of the marital community.

### IV.     STATEMENT OF FACTS

4.1     The Debtors filed a voluntary Chapter 7 bankruptcy petition on June 18, 2019 ("Petition Date").

4.2     The Debtors owned a Hot Pizza & Wings restaurant located in Bakersfield, California ("Restaurant") which they purchased in 2016. Hot Pizza and Wings was not incorporated, it was merely a dba of the Debtors'.

4.3     The Debtors entered into a five year lease with  East Hills, L.P. ("Landlord") for the Hot Pizza & Wings restaurant space on  June 22, 2015.

COMPLAINT

Page 2

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA  98103
(206) 623-4382

Case 19-12292-CMA    Doc 60    Filed 06/02/21    Ent. 06/02/21 10:03:46    Pg. 2 of 6

4.3     The Debtors sold the business on August 22, 2017 to Satwinder Kaur Virk and Rajdeep Singh Dhillon for $128,000.00 ("Sale").  The sale proceeds were paid directly to the Debtors, there was no escrow involved in the transaction.

4.4     This Sale transpired within two years of the Petition Date, but the Debtors did not originally list the Sale in answer to Question 18 on the Statement of Financial Affairs ("SOFA").  The transfer was disclosed after the Trustee asked about it at the section 341 meeting.

4.5     As of the Sale date, the Debtors owed over $200,000 to their creditors.

4.6     Approximately 9 days after the Sale Date, on August 31, 2017, the Debtors transferred $70,000.00 to Lakhbir Gill, a relative of the Debtors.

4.7     The transfer of $70,000 to Lakhbir Gill was not disclosed in answer to Question 18 of the SOFA.

4.8     Upon information and belief the Plaintiff alleges that there was no Promissory Note between the Debtors and the Defendants evidencing any loans between the parties.

4.9     Lakbir Gill and Parminder K. Gill are relatives of the Debtors and as such are insiders pursuant to section 101(31) of the Bankruptcy Code.

4.10    On August 31, 2017 the Debtors' transferred $10,000.00 to Ravinder Kaur, a friend of the Debtors.

4.11    Upon information and belief the Plaintiff alleges that there was no Promissory Note between the Debtors and the Defendants evidencing any loans between the parties.

4.12    On September 1, 2017 the Debtor's transferred $10,000.00 to Pawanpret Kaur Chinna, the sister of the Debtors.

COMPLAINT

Page 3

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA  98103
(206) 623-4382

Case 19-12292-CMA    Doc 60    Filed 06/02/21    Ent. 06/02/21 10:03:46    Pg. 3 of 6

4.13  Upon information and belief the Plaintiff alleges that there was no promissory note between the Debtors and Pawanpret Kaur Chinna evidencing any loans between the parties.

4.14  Upon information and belief the Plaintiff alleges that the Debtors intentionally transferred their assets to family members with an intent to at least hinder or delay the payment of their other obligations, including $200,000 of unsecured debt, much of which was incurred in the operation of their restaurant.

4.15  The Debtors were insolvent as of August 31, 2017 or were rendered insolvent because, despite the Sale, they still had substantial debts, yet they transferred the bulk of the Sale Proceeds to insiders, including these Defendants.

4.16  The Debtors' schedules list total debt of $216,002.67 and assets of $25,168.90, a deficit of $190,833.77.

### V. FIRST CAUSE OF ACTION: FRAUDULENT TRANSFERS UNDER § 548 OF THE BANKRUPTCY CODE

5.1  Sections I through IV and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

5.2  The transfers set forth in paragraph IV above were made to and/or for the benefit of the Defendants.

5.3  The Debtors did not receive reasonably equivalent value in exchange for the transfers set forth in paragraph IV above which were made to or for the benefit of the Defendants.

5.4  The Debtors were insolvent on the date of the transfers set forth in paragraph IV above which were made to or for the benefit of the Defendants.

5.5  The transfers to the Defendants set forth in paragraph IV above are avoidable pursuant to 11 U.S.C. §548 as stated therein as they were either a) made with actual intent to

COMPLAINT

Page 4

Wood & Jones, PS
303 N 67th Street
Seattle, WA 98103
(206) 623-4382

Case 19-12292-CMA    Doc 60    Filed 06/02/21    Ent. 06/02/21 10:03:46    Pg. 4 of 6

hinder, delay or defraud creditors to whom the Debtors were indebted on or after the date of the transfers; or b) the Debtors received less than reasonably equivalent value in exchange for the transfers, became insolvent or were insolvent at the time of the transfers, leaving the Debtors with an unreasonably low capital account or leaving the Debtors unable to pay their debts as they matured.

5.6 The transfers were made to the Defendants as set forth in paragraph IV above are avoidable by the Trustee under 11 U.S.C. §548(a)(1) or (a)(2).

## VI. SECOND CAUSE OF ACTION: FRAUDULENT CONVEYANCES 11 U.S.C. §544 AND RCW 19.40. TO DEFENDANTS

6.1 Paragraphs I through V and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

6.2 The Debtors made the transfers set forth in paragraph IV above to the Defendants which are avoidable pursuant to RCW 19.40.010 et. seq. as stated therein.

6.3 The transfers by the Debtors to Defendants as set forth in paragraph IV above were made with actual intent to hinder, delay or defraud creditors of the Debtors.

6.4 The transfers by the Debtors to Defendants as set forth in paragraph IV were made without the Debtors receiving reasonably equivalent value in exchange for the transfers.

6.5 The transfers by the Debtors to Defendants as set forth in paragraph IV above caused the Debtors to engage or thereafter engage in business for which the remaining assets of the Debtors were unreasonably small in relation to the business or transactions.

6.6 The transfers by the Debtors to Defendants should have caused the Debtors to believe that they would incur debts beyond their ability to pay as they became due.

6.7 The transfers by the Debtors to the Defendants as set forth in paragraph IV above were not made in exchange for reasonably equivalent value.

COMPLAINT

Page 5

Wood & Jones, PS
303 N 67th Street
Seattle, WA 98103
(206) 623-4382

Case 19-12292-CMA    Doc 60    Filed 06/02/21    Ent. 06/02/21 10:03:46    Pg. 5 of 6

6.8     The Debtors were insolvent on the date of each and every transfer set forth in paragraph IV above.  Alternatively, the Debtors became insolvent as a result of the transfers.

### VII.  THIRD CAUSE OF ACTION: PRESERVATION OF AVOIDED TRANSFERS

7.1     Sections I through VI are hereby repeated and incorporated as though set forth herein.

7.2     Any and all transfers avoided under the claims for relief in this complaint are preserved for the benefit of the estate pursuant to 11 U.S.C. §§ 550 and 551.

### VIII.   PRAYER FOR RELIEF

The Plaintiff asks for the following relief:

8.1     That the Court find the transfer of the property constituted fraudulent transfers pursuant to §§ 548, 544 and RCW 19.40. *et seq*. that should be avoided.

8.2     That the Court find the avoided transfers are preserved for the benefit of the estate.

8.3     That the Court enter an order consistent with this Complaint.

DATED this 2nd day of June, 2021.

                                    WOOD & JONES, P.S.

                                    */s/ Denice E. Moewes*
                                    Denice E. Moewes, WSBA #19464
                                    Attorney for Trustee
                                    Ronald G. Brown

COMPLAINT

Wood & Jones, PS
303 N 67th Street
Seattle, WA  98103
(206) 623-4382

Page 6

Case 19-12292-CMA    Doc 60    Filed 06/02/21    Ent. 06/02/21 10:03:46    Pg. 6 of 6